**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MANUEL GONZALES, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-2992 |
| | § | |
| RIDGEWOOD LANDSCAPING, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM AND OPINION**

This is an FLSA case in which a collective action has been conditionally certified. The plaintiffs are present and former hourly employees of Ridgewood Landscaping, Inc., who claim that they were not paid overtime as required by the statute. This suit was filed in September 14, 2009. The plaintiffs deposed Richard Casci and Vince Mueller in December 2009 and moved for conditional certification that same month. The motion was granted in May 2010. The opt-in period began in September 2010 and will end in January 2011.

On September 24, 2010, after the opt-in period began and more than a year after filing this suit, the plaintiffs moved for leave to file an amended complaint to add Richard Casci as a defendant. (Docket Entry No. 30). Casci and his wife own Ridgewood Landscaping. The plaintiffs seek to add him as a defendant employer who, with the corporate employer, may be held individually liable under the FLSA because he was a corporate officer with operational control over compensating employees. The defendant opposes the motion on the basis that it is filed too late, is based on a record that suggests bad faith, and is futile in the sense that it is unnecessary. (Docket Entry No. 32).

Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). If the circumstances set forth in Rule 15(a)(1)(A) and Rule 15(a)(1)(B) do not apply, the party may amend its pleading only by written consent of the adverse party or leave of the court. FED. R. CIV. P. 15(a)(2). The function of this rule "is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MAY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1473 (3d ed. 2010). A party may make a Rule 15(a) amendment to add a party. *Id.*, § 1474.

Federal Rule of Civil Procedure 15(a) provides in part that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Because of the liberal pleading presumption underlying Rule 15(a), the Fifth Circuit has stated that "the term 'discretion' in this context 'may be misleading, because Fed. R. Civ. P. 15(a) evinces a bias in favor of granting leave to amend.' " *Mayeaux v. La. Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004) (citation omitted). "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Id.* (citation omitted).

The record shows that the proposed claim against Casci is based on facts that the plaintiffs knew before they filed the suit or learned a year ago, when the plaintiffs deposed Casci. There is no explanation for the delay in seeking to add him as a party. Given the circumstances, the delay in amending to add him as a party is "undue." In addition, while there is no "futility" in the

2

proposed amendment under the Rule 12(b)(6) standard, the defendant correctly points out that there is no practical need to add Casci as a defendant. The plaintiffs have not identified any need to add an individual defendant to obtain a finding of FLSA liability or to improve their ability to collect on any judgment.

Given this record, the fact that the plaintiffs had all the information they needed to file their proposed amended complaint a year ago, the delay in seeking leave to amend, and the absence of any need to do so, this court denies the plaintiffs' motion for leave to file an amended complaint to add Casci as a party defendant.

SIGNED on December 8, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge